UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNNE L. RUSHING,

       Plaintiff,                                Case No: 1:14-cv-6

v.                                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. *See* 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's Objections to the R & R (Dkt 21).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff states that two related issues are the primary grounds for her objections. First, the ALJ gave insufficient reasons for giving limited weight to the opinions of treating physician Dr. Marguerite Saith, contrary to applicable law, where her opinions were entitled to controlling weight. Second, the ALJ's RFC assessment includes a finding that the Plaintiff must "elevate her legs on a

---

[1]Defendant has filed a generic, one-sentence response, requesting that the "Court deny Plaintiff's objections, adopt the R & R, and affirm the Commissioner's final decision" (Dkt 22).

stool six inches off the ground 'as needed,'" but there is no evidence of record that Plaintiff needed to elevate her leg only six inches; "Dr. Saith recommended heart or seat level." (Objs. at p. ID# 621). Neither objection has merit.

## I. Treating Physician's Opinion

Plaintiff raised this same claim before the Magistrate Judge. After an extensive and detailed discussion of this issue and the record, the Magistrate Judge properly determined that the Administrative Law Judge (ALJ) provided good reasons for discounting Dr. Saith's opinion. In a July 2, 2012 statement after the administrative hearing, Dr. Saith opined that the level of elevation of Plaintiff's legs "should be higher than her heart to have effective reduction of the swelling. Otherwise, if while sitting, she were elevating in a chair, level with her seat, that would be the best substitute." (R & R at p. ID# 608, citing p. ID# 543; footnote omitted). However, as the Magistrate Judge observed, the ALJ gave Dr. Saith's opinion limited weight "because '[her] opinions are extreme when compared to her treatment records, which do not reflect such significant limitations.'" (*Id.* at p. ID# 608, citing Op. at 15, p. ID# 61).

Contrary to Plaintiff's arguments, the ALJ's reasons were not simply that Dr. Saith found Plaintiff's lower extremities "'intact' at times" and did not always otherwise document abnormalities of Plaintiff's legs or ankles; nor did the ALJ fail to cite contrary evidence. The Magistrate Judge acknowledged these and other claims of error by Plaintiff (R & R at p. ID# 609) and addressed them, citing ample record evidence that substantially supports the ALJ's findings. (R & R at p. ID# 611-14). Notably, the ALJ stated:

> "For example . . . [Dr. Saith] *often* reported that [plaintiff's] lower extremities were intact and did not describe[] any musculoskeletal limitations. Likewise, her treatment records do not reflect the claimant's need to elevate her legs, but rather these limitations were only offered in her opinions submitted in connection with

[plaintiff's] attempt to obtain disability benefits."

(*Id.*, citing Op. at p. ID# 61; emphasis added). The Magistrate Judge observed that "Dr. Saith's failure to catalog any leg-elevation requirement in her treatment notes 'calls into question whether [plaintiff] was in fact so restricted.'" (*Id.*, citing *Essary v. Comm'r*, 114 F. App'x 662, 667 (6th Cir. 2004). Further, "a number of Dr. Saith's notes contradict her opinion regarding the leg elevation requirement." (*Id.* at p. ID# 612, citing such notes). Moreover, the Magistrate Judge noted and discussed other record evidence that supported the ALJ's decision to give "limited weight" to Dr. Saith's opinion regarding leg elevation. (*Id.* at p. ID# 612-13). The Magistrate Judge applied the correct legal standards and properly found no error by the ALJ in giving limited weight to Dr. Saith's opinion. Plaintiff's objection is without merit.

## II. Residual Functional Capacity (RFC) Assessment

For similar reasons, the Court rejects Plaintiff's objection that the Magistrate Judge erred in concluding that the ALJ's findings regarding Plaintiff's RFC were supported by substantial evidence. Plaintiff again takes issue with the finding that she must elevate her leg only six inches off the ground, when Dr. Saith recommended "heart or seat level." (Objs. at p. ID# 621). Plaintiff argues, as in her initial brief before the Magistrate Judge, that there was no medical finding in the record limiting elevation to six inches off the ground, and the only medical source addressing this was Dr. Saith, who stated "it would be *preferable* for the Plaintiff to elevate her legs at or above heart level, or alternatively, at seat level. (*Id.* at p. ID# 623-24; emphasis added). Plaintiff thus objects that the six-inch elevation was simply "made up" by the ALJ, is without evidentiary basis, is impermissible *post-hoc* rationalization, and is not harmless error. (*Id.* at p. ID# 624). Plaintiff also asserts that the RFC failed to address whether Plaintiff could perform work activities on a

*sustained* basis, and that the findings concerning her credibility are unsupported with respect to her last date worked because her condition deteriorated over time.  (*Id.* at p. ID# 625).

The Magistrate Judge thoroughly and specifically considered Plaintiff's various claims of error related to the RFC findings, and found them without merit (or waived).  (R & R at p. ID# 614-18).  The Magistrate Judge noted that the ALJ included some leg-elevation restriction, despite the lack of objective evidence—which was a finding in Plaintiff's favor.  Contrary to Plaintiff's argument, Plaintiff was not prejudiced by this alleged error.  Finally, the Magistrate Judge correctly observed that Plaintiff's own actions and statements undermined her claim for disability, among other reasons, because she received unemployment benefits through 2011 based on her repeated reports that she was looking for work, and she was working as a babysitter.  (*Id.* at p. ID# 617-18).

### III.  Conclusion

For the reasons stated, Plaintiff's objections to the Report and Recommendation of the Magistrate Judge are denied.  A Judgment will be entered consistent with this Opinion.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 21) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 20) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.


Dated:  March  31 , 2015                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge